RUDGE–WHITWORTH, Limited, et al. v. HOUK MFG. CO.

(District Court, W. D. New York. May 4, 1914.)

PATENTS ⬦⟶301—TRADE-MARKS AND TRADE-NAMES ⬦⟶95—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction against infringement of patents and use of trade-names by defendant denied, where one of complainants and defendant were both operating under the same license from the owner of the patents, and their respective rights were in doubt on the showing made.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 489–495; Dec. Dig. ⬦⟶301; Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. ⬦⟶95.]

In Equity. Suit by Rudge-Whitworth, Limited, and the Standard Roller Bearing Company, and Robert S. Woodward, Jr., S. Lawrence

Bodine, and Charles B. Hill, its receivers, against the Houk Manufacturing Company. On motions for preliminary injunctions. Denied.

On motions to restrain infringement of three United States patents to John V. Pugh for improvements in wire spoke wheels, and the use of the trade-name "Rudge" or "Rudge-Whitworth" in connection with the manufacture and sale of such wheels.

Augustus B. Stoughton, of Philadelphia, Pa., for complainants.

Rogers, Locke & Babcock and Wilhelm & Parker, all of Buffalo, N. Y. (Simon Fleischmann, of Buffalo, N. Y., of counsel), for defendant.

HAZEL, District Judge. Taking into consideration the difficulties arising from the construction of the license granted by the complainant Rudge-Whitworth, Limited, to the Standard Roller Bearing Company and the George W. Houk Company, as to whether the licensees were joint licensees in relation to the manufacture and sale of the inventions and the use of the trade-name, or whether they were part owners of the license and rights thereunder, each licensee having separable rights to manufacture, use, and vend without the consent of the co-owner, and considering the conflicting affidavits regarding the termination of the contract of October 29, 1912, between the Standard Roller Bearing Company and George W. Houk, individually, and the Houk Company, and also the affidavits relating to the asserted unreasonable withholding of approval by Rudge-Whitworth, Limited, of the wheels manufactured by the defendant company under the license, questions of law and fact are involved which I am disinclined to determine upon a motion of this character.

The license in question and the agreement thereafter entered into by the Standard Roller Bearing Company and George W. Houk, individually, and the Houk Company, by which the former was to manufacture the wheels, and the latter to sell them, and the asserted inability of the Standard Roller Bearing Company to fill orders for the manufacture of such wheels and to comply with other provisions of the contract, would seem to inject herein correlative equities which can only be ignored at this time at the expense and inconvenience of either the Standard Roller Bearing Company or the defendant. From the papers read on this application and the circumstances surrounding the entire transaction, I am unable to form an opinion as to whether the complainants will ultimately succeed herein. Certainly it is a question not free from difficulty and doubt, if there is analogy to the case of Blackledge v. Weir & Craig Mfg. Co., 108 Fed. 71, 47 C. C. A. 212, and the case of Lalance & Grosjean Mfg. Co. v. National Enameling & Stamping Co. (C. C.) 108 Fed. 77, and cases cited, wherein it was substantially held that where two or more persons hold under a patent, either as patentees or by assignment, each is free to use it for his own interest, "independent of his co-owner, but subject to their equal rights." It is not perceived why this rule by a parity of reasoning does not apply to joint licensees of a patent.

The complainants contend that the breach of the contract by the Standard Roller Bearing Company, as claimed by the defendant, does

not relate to the principal purpose for which the contract was made, and that hence that company should not be permitted to suffer damages and jeopardy of the good will of the business, while the other party to the contract engages in the exploitation of the patent and trade-name, and contracts with another party to manufacture the product. A partial answer to this, aside from the general claim that the Standard Roller Bearing Company first terminated the contract, is that the conceded financial embarrassment of the latter may not be overcome, that insolvency and bankruptcy may intervene, and that the pending equity action to conserve its assets may ultimately ripen into dissolution of the company, thus endangering the rights and interests of its colicensee. The situation is thought to be such that the injury resulting from the granting of a preliminary injunction might equal that resulting from a denial thereof, and in such a situation, since complainants' rights thereto are not clear, an injunction pendente lite will not be granted.

The motions are therefore denied.